RECEIVED
IN LAFAYETTE, LA.

FEB 1 6 2012

TONY R. MOORE, CLERK
BY_____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

EXTREME ENERGY SERVICES, LLC                    CIVIL ACTION NO.: 10-1487

VERSUS                                          JUDGE DOHERTY

GATOR ENERGY SERVICES LLC, ET AL.               MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Currently pending before this Court is a Motion for Summary Judgment [Doc. 28], filed by

plaintiff Extreme Energy Services, LLC.  The instant motion is unopposed.

In the instant motion, movant Extreme Energy seeks dismissal of the "claims asserted by

Gator Energy Operating, LLC"[1] on grounds there is no factual or legal basis which would support

any theory of recovery against Extreme Energy in connection with the alleged loss of the Daniel

Davis No. 1 oil well prospect."  Specifically, Gator Energy's theory of recovery against Extreme

Energy is that Extreme Energy, in the process of "milling" the cement which remained inside the

well's liner after a "squeeze job" had been performed, caused the "junking" of the well and an

alleged loss of 600,000 to 750,000 barrels of oil from the productive sands.  Gator Energy alleges

Extreme Energy suffered a tool failure during the "milling" procedure and left a portion of the tool

in the well hole, which further impeded the procedure and caused the losses alleged.  Finally, Gator

Energy alleges Extreme Energy made certain misrepresentations concerning the "milling" procedure,

---

[1] This Court notes in its motion, Extreme Energy seeks dismissal of the claims of "Gator Energy Operating, LLC," however, the docket sheet refers to defendants in this matter as "Gator Energy Services, LLC."  However, on February 16, 2012, the parties submitted a Stipulation to this Court, wherein they state the parties "agree to and stipulate that the correct entity in this matter is Gator Energy Operating, LLC and not Gator Energy Services, LLC." A copy of the Stipulation is attached hereto as Exhibit "A."

including that Extreme Energy did not tell Gator Energy the tool was left in the well until substantial damage had been done to the well.

The manner in which the foregoing claims have been presented is as follows. Gator Energy, the well operator, and others sued Extreme Energy, the company hired to assist with the "milling," in state court (Cameron Parish) seeking damages for the above-referenced losses.[2] Extreme Energy then sued Gator Energy only in state court (Lafayette Parish) in an action on open account, seeking monies owed for professional services and equipment rendered by Extreme Energy on the well prospect. Gator Energy removed the petition on open account to this court, invoking diversity jurisdiction. Thereafter, Gator Energy filed an answer to the open account lawsuit and asserted a compulsory counterclaim against Extreme Energy, seeking damages identical to those sought in the tort lawsuit previously filed in Cameron Parish. On April 20, 2011, Gator Energy filed a Motion to

---

[2] As the magistrate judge noted in his report and recommendation on a previously-filed motion to stay the federal court action, Gator Energy Operating, LLC, Hapa Energy, LLC, Bulldog Energy, LLC, Cameron Oil Properties, LLC, and Deans Energy Management, LLC filed suit in Cameron Parish, Louisiana against Extreme Energy Services, LLC and Extreme's employee Richard Messa. The suit alleges Gator Energy was the operator of the Daniel A. Davis No. 1 Well, and the other plaintiffs were working interest owners in the well. With respect to the specific allegations made, plaintiffs allege the well in question was allegedly spudded in February 2010 and after reaching the objective depth, Gator Energy allegedly ran a log and took core samples that indicated there were roughly sixty feet of productive reservoir in the Third Camerina Sand. In an effort to complete the well, Gator Energy hired Extreme Energy to run a packer. Extreme Energy, through its field hand Messa, allegedly ran the packer successfully on or about March 30, 2010. The next day, Gator Energy perforated the well. On April 6, 2010, Gator Energy performed a squeeze job, which necessarily left cement inside the well's liner that needed to be reamed out. That same day, Extreme Energy's employee Messa began the reaming procedure. Extreme Energy's tool failed, and a portion of tool was allegedly left in the hole, resulting in the reamer drilling through the liner and into the open hole.

The plaintiffs allege neither Messa nor anyone else at Extreme advised Gator Energy that the tool blade was left in the hole until April 21, 2010, after extensive operations had already taken place in continued attempts to ream the hole and complete the well. This allegedly resulted in extensive additional costs and remediation expenses, caused a "junking" of the well, and precludes production from the well. The plaintiffs allege Extreme Energy's negligent acts and omissions and unfair trade practices damaged them.

2

Stay or Dismiss the federal court proceedings, which was denied.[3]

The only motion pending before the Court is the motion for summary judgment filed by Extreme Energy, seeking dismissal of "the claims asserted by Gator Energy Operating LLC," but without specifically stating *which claims* are to be dismissed and further without stating the impact the dismissal of such claims might have on the remaining matters before the Court.  Nevertheless, the only claims asserted by Gator Energy in the instant lawsuit are those set forth in Gator Energy's compulsory counterclaim, *i.e.*, negligence, breach of the standard of care, violation of the duty to disclose, violation of the duty of good faith and fair dealing, and violation of the Louisiana Unfair Trade Practices Act, La. Rev. Stat. §51:1401, *et seq.*   The foregoing claims arise out of the facts as set forth in this Ruling.[4]

The instant motion is unopposed and appears to be well-founded in law and fact, for the reasons stated in Extreme Energy's motion.  Therefore, the instant motion is hereby GRANTED.  All claims alleged by Gator Energy Operating, LLC against Extreme Energy, including Gator Energy's claims of negligence, breach of the standard of care, violation of the duty to disclose, violation of the duty of good faith and fair dealing, and violation of the Louisiana Unfair Trade Practices Act, are DENIED AND DISMISSED WITH PREJUDICE.

---

[3] The motion was denied on grounds the counterclaim asserted in federal court – in which Gator Energy asserts claims of negligence and unfair trade practices against Extreme Energy – closely mirrors the claims asserted in the Cameron Parish lawsuit, but are not identical to those claims.  Also, the counterclaim does not assert claims against Extreme Energy's employee Richard Messa, nor was the counterclaim brought on behalf of the other working interest owners in the Davis well who are plaintiffs in the Cameron Parish lawsuit.

[4] It appears Gator Energy's unfair trade practices claim is based on Extreme Energy's alleged failure to notify Gator Energy the tool had been left in the well hole and misrepresentations regarding same.

The granting of the instant motion for summary judgment does not adjudge the claims alleged by Extreme Energy against Gator Energy, namely, Extreme Energy's claims on open account. Thus, the open account claims remain pending at this time.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____ day of February, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

4